**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 26-10112

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

QUANTEZ BARNARD COOPER,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 3:22-cr-00245-LCB-HNJ-5

————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Quantez Cooper appeals his 168-month sentence following resentencing for his conviction for conspiracy to distribute and possession with intent to distribute 50 grams or more of

methamphetamine and 100 grams or more of heroin.[1]  He argues that his sentence is substantively unreasonable.  The government moves to dismiss the appeal pursuant to the sentence-appeal waiver in Cooper's plea agreement.  Cooper did not file a response.

After review, we conclude that the sentence-appeal waiver is valid and enforceable.  Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily, unless doing so "would result in a miscarriage of justice." *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (setting forth the knowing and voluntary requirement); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (same); *Hunter v. United States*, 608 U.S. __, 2026 WL 1751815, at *8 (June 18, 2026) (holding that a sentence-appeal waiver "is unenforceable when it would result in a miscarriage of justice"). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the

---

[1] In his previous appeal, both Cooper and the government asserted that the district court plainly erred when it sentenced Cooper as a career offender. *United States v. Cooper*, No. 23-10956, 2024 WL 4440445, at *2 (11th Cir. 2024). We agreed and remanded for resentencing.  *Id.*, at *3.  Because only the resentencing is relevant to this appeal, this opinion omits discussion of the original sentencing proceeding and appeal and discusses only the resentencing.

defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Cooper's plea agreement contained a sentence-appeal waiver under which he waived his right to appeal his "conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the [c]ourt might impose."[2] He reserved the right to appeal on three grounds: (1) the sentence exceeded the statutory maximum; (2) the sentence exceeded the guidelines range as calculated by the district court; and (3) "[i]neffective assistance of counsel." Cooper initialed each page of the agreement and signed the plea agreement, including a certification specifically concerning the sentence-appeal waiver, in which he attested that "I, QUANTEZ BERNARD COOPER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver."

At the change-of-plea hearing, the district court confirmed that Cooper reviewed the plea agreement and "fully under[stood] the terms and conditions." The district court then reviewed the terms of the appeal waiver with Cooper, explaining that he was

---

[2] We note that the sentence-appeal waiver provision contains a scrivener's error in that it refers to one of Cooper's codefendants instead of Cooper at the beginning of the waiver provision, but then refers to Cooper later in the waiver provision. However, Cooper does not point out this mistake nor does he argue that it affected his intention to enter into the waiver. Therefore, we assume without deciding that this scrivener's error does not affect the validity of the waiver.

4                    Opinion of the Court                    26-10112

waiving the right to appeal his conviction and sentence except under the three specified exceptions, and Cooper confirmed that he understood.  After reviewing the charge against Cooper, the elements of the offense, the factual basis for the plea, the consequences of the plea, and asking questions to confirm that the plea was knowing and voluntary, the district court accepted his guilty plea.  At his resentencing, the district court calculated Cooper's advisory guidelines range as 168 to 210 months, and it sentenced Cooper to 168 months' imprisonment.[3]

The record establishes that Cooper's sentence-appeal waiver was knowingly and voluntarily made.  *Bushert*, 997 F.2d at 1351. He initialed each page of the plea agreement and signed the agreement, including a certification that he understood and voluntarily entered the sentence-appeal waiver.  And during the plea colloquy, the district court questioned Cooper about the sentence-appeal waiver, and he confirmed that he understood the appeal waiver.  Thus, the appeal waiver is valid and enforceable and forecloses Cooper's substantive reasonableness challenge because the issue he raises does not fall within the narrow exceptions to the waiver. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").  We

---

[3] Cooper faced a statutory minimum of 10 years and a statutory maximum of life imprisonment.

26-10112                Opinion of the Court                    5

note that Cooper does not argue that enforcement of the appeal waiver would result in a miscarriage of justice. Regardless, his sole argument on appeal—that his sentence is substantively unreasonable—does not meet the high bar for establishing a miscarriage of justice. *See Hunter*, 2026 WL 1751815, at *8 (explaining that the miscarriage of justice rule "sets a high bar: The waiver may be set aside only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute. The error must be obvious—not one a judge could reasonably make"). Accordingly, the sentence-appeal waiver is valid and enforceable, and we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**